Filing # 23203279 E-Filed 01/30/2015 03:42:42 PM

THE CIRCUIT COURT OF THE SIXITH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

DONATO D'ELIA
and
ANITA D'ELIA               Case No.:
    Plaintiffs        Division:
vs.

WAL-MART STORES, INC.
and
LOUISVILLE LADDER, INC.
    Defendants

## AMENDED COMPLAINT

COMES NOW the Plaintiff, **DONATO D'ELIA**, by and through the undersigned counsel and herein sues the Defendant, **WAL-MART STORES, INC.** and **LOUISVILLE LADDER, INC.**, and would further allege as follows:

1. This is an action for damages within the jurisdictional limits of this Court.

2. **DONATO D'ELIA AND ANITA D'ELIA** are and were a residents of Pasco County, Florida at all times material hereto.

3. Defendant, **WAL-MART STORES, INC.** (hereinafter referred to as "Wal-Mart" was and is a business licensed to do and is doing business in Pasco County, State of Florida.

4. Defendant **LOUISVILLE LADDER, INC** (hereinafter referred to as "Louisville Ladder") was and is a business licensed to do and is doing business in the State of Florida.

5. Defendant **LOUISVILLE LADDER**, for some time prior to the date of incident had been supplying ladders to the Defendant **WAL-MART**, for sale to customers. Plaintiff, **DONATO D'ELIA**, was a business invitee of Defendant **WAL-MART**, visited the **WAL-MART** for the purpose of purchasing a ladder for sale on the business premises.

6. Plaintiff, **DONATO D'ELIA**, did purchase a ladder on the premises of the Defendant **WAL-MART**. On or about July 18, 2013, while using the ladder purchased from the

EXHIBIT D

Defendant **WAL-MART**, the Louisville Ladder buckled causing the Plaintiff to fall and sustain severe injuries.

### COUNT I – NEGLIGENCE OF LOUSIVILLE LADDER, INC.

7. Plaintiff realleges and incorporates herein by reference any and all allegations contained in paragraphs 1 through 6.

8. It was the duty of Defendant, **LOUISVILLE LADDER**, as provider of ladders to the Defendant, **WAL-MART**, to exercise ordinary care and caution of the items said business provided to business entities for use by the public. Defendant, **LOUSIVILLE LADDER**, negligently, carelessly and recklessly breached their duty, including, but not limited to the following acts:

   a) To insure the ladder was safe for use by the Plaintiff;
   b) Failing to exercise ordinary care and caution in the manufacturing and in providing safe ladders for use by the public;
   c) Failing to ensure the product was fit for human use;
   d) Allowed to exist a dangerous condition, or, if such a condition existed, failed to give notice or warning of such condition to customers and potential customers, including Plaintiff;
   e) Failing to inspect to insure that a dangerous condition did not exist;
   f) Failing to properly prepare the product;
   g) Failing to properly ensure its machinery was operating in a proper manner;
   h) Failing to ensure the product was manufactured properly; and
   i) Failing to ensure that the product was free of hidden defects, thereby rendering it unsafe for its intended and reasonable use.

9. Plaintiff could not ascertain that the ladder was in a defective condition and had no knowledge of the same or of the dangerous and unsafe nature thereof; and there was no negligence or lack of care on his part in anyway contributing to his injuries herein.

10. As a direct and proximate result of the negligence of the Defendant, **LOUSIVILLE LADDER**, Plaintiff suffered the following damages:

   a) Bodily injury resulting in pain and suffering;
   b) Disability;
   c) Disfigurement;
   d) Mental anguish;

      e)     Loss of capacity for the enjoyment of life;
      f)     Expense of hospitalization, medical and nursing care and treatment;
      g)     Loss of earnings;
      h)     Loss of ability to earn money;
      i)     Aggravation of a previously existing condition; and
      j)     Expense of medical care.

11.    Said losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **DONATO D'ELIA**, demands judgment for damages against Defendant, **LOUISVILLE LADDER, INC.**, in an amount within the jurisdictional limits of this Court, to wit: more than Fifteen Thousand Dollars ($15,000.00) plus costs, interest and any and other further relief to which this court deems he is entitled.

## COUNT II – STRICT LIABILITY BY LOUISVILLE LADDER, INC.,

12.    Plaintiff realleges and incorporates herein by reference any and all allegations contained in paragraphs number 1 through 6.

13.    At all times material herein, the Defendant, **LOUISVILLE LADDER**, knew that the ladder would, without substantial change in its final manufactured form, remain in use for a considerable time and from time to time be handled by a wide variety of persons both experienced and inexperienced in the use of this type of ladder.

14.    The ladder was in a defective condition, unreasonable dangerous to the user or bystander at the time of its manufacture and sales.

15.    The condition of the ladder remained substantially unchanged from its manufacture until the date of the incidents complained of herein.

16.    The ladder was placed on the market with knowledge that it would be used without inspection for defects.

17.    The defective condition of the ladder was the result of the following:

      a)     Failed to insure that the ladder product would not buckle

18. As a direct and proximate result of Defendant's conduct, the Plaintiff sustained physical injury and Plaintiff has suffered the following past and future damages:

    a) Bodily injury and resulting pain and suffering;
    b) Disability;
    c) Disfigurement;
    d) Mental anguish;
    e) Loss of capacity for the enjoyment of life;
    f) Expensive hospitalization;
    g) Medical care and treatment;
    h) Loss of ability to earn money; and
    j) Aggravation of a previously existing condition.

Said losses are permanent in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, the Plaintiff, **DONATO D'ELIA**, demands judgment for damages against Defendant, **LOUISVILLE LADDER.**, in an amount within the jurisdictional limits of this Court, to wit: more than Fifteen Thousand Dollars ($15,000.00) plus costs, interest and any and other further relief to which this court deems he is entitled.

### COUNT III – ANITA D'ELIA LOSS OF CONSORTIUM CLAIM

19. Plaintiff, **ANITA D'ELIA**, realleges and incorporates herein by reference paragraphs 1 through 6.

20. That as a direct and proximate result of the carelessness, recklessness and negligence of the tortfeasor, Plaintiff, **ANITA D'ELIA** has suffered a loss of companionship, affection, society and consortium of the Plaintiff, **DONATO D'ELIA**. **ANITA D'ELIA** has been and will continue to be deprived of the services and consortium on the part of **DONATO D'ELIA** in the future.

WHEREFORE, Plaintiff, **ANITA D'ELIA** demands judgment against Defendant, **LOUISVILLE LADDER**, for a sum in an amount within the jurisdictional limits of this court, to wit: more than Fifteen Thousand Dollars ($15,000.00), plus costs, interest and such other relief to which the Plaintiff may be justly entitled.

## COUNT IV – NEGLIGENCE OF WAL-MART STORES, INC.

21.  Plaintiff realleges and incorporates herein by reference any and all allegations contained in paragraphs number 1 through 6.

22.  It was the duty of Defendant, **WAL-MART STORES,** to exercise ordinary care and caution of the items said business provided to business entities for consumption by the public. Defendant, **WAL-MART STORES,** negligently, carelessly and recklessly breached their duty, including, but not limited to the following acts:

   a)  To insure the ladder were safe for use by the Plaintiff;
   b)  Failing to exercise ordinary care and caution in the sale of ladders for use by the public;
   c)  Failing to ensure the product was fit for human consumption;
   d)  Allowed to exist a dangerous condition, or, if such a condition existed, failed to give notice or warning of such condition to customers and potential customers, including the Plaintiff;
   e)  Failing to inspect to insure that a dangerous condition did not exist;
   f)  Failing to properly prepare the product;
   g)  Failing to properly ensure it's machinery was operating in a proper manner;
   h)  Failing to ensure the product was manufactured properly; and
   i)  Failing to ensure that the product was free of hidden defects, thereby rendering it unsafe for it's intended and reasonable use.

23.  Plaintiff could not ascertain that the ladder was in a defective condition and had no knowledge of the same, or of the dangerous and unsafe nature thereof; and there was no negligence or lack of care on his part in anyway contributing to her injuries herein.

24.  As a direct and proximate result of the negligence of the Defendant, **WAL-MART STORES,** Plaintiff suffered the following damages:

   a)  Bodily injury resulting in pain and suffering;
   b)  Disability;
   c)  Disfigurement;
   d)  Mental anguish;
   e)  Loss of capacity for the enjoyment of life;
   f)  Expense of hospitalization, medical and nursing care and treatment;
   g)  Loss of earnings;
   h)  Loss of ability to earn money;
   i)  Aggravation of a previously existing condition; and
   j)  Expense of medical care.

25. Said losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **DONATO D'ELIA**, demands judgment for damages against Defendant, **WAL-MART STORES**, in an amount within the jurisdictional limits of this Court, to wit: more than Fifteen Thousand Dollars ($15,000.00) plus costs, interest and any and other further relief to which this court deems he is entitled.

### COUNT V – STRICT LIABILITY BY WAL-MART STORES, INC.,

26. Plaintiff realleges and incorporates herein by reference any and all allegations contained in paragraphs number 1 through 6.

27. At all times material herein, the Defendant, **WAL-MART STORES**, knew that the ladder would, without substantial change in its final manufactured form, remain in use for a considerable time and from time to time be handled by a wide variety of persons both experienced and inexperienced in the use of this type of ladder.

28. The ladder was in a defective condition, unreasonable dangerous to the user or bystander at the time of its manufacture and sales.

29. The condition of the ladder remained substantially unchanged from its manufacture until the date of the incidents complained of herein.

30. The ladder product was placed on the market with knowledge that it would be used without inspection for defects.

31. The defective condition of the ladder product was the result of the following:

    a) Improperly designed and failed to insure that the ladder would buckle

32. As a direct and proximate result of Defendant's conduct, the Plaintiff sustained physical injury and Plaintiff has suffered the following past and future damages:

    a) Bodily injury and resulting pain and suffering;
    b) Disability;

  c) Disfigurement;
  d) Mental anguish;
  e) Loss of capacity for the enjoyment of life;
  f) Expensive hospitalization;
  g) Medical care and treatment;
  h) Loss of ability to earn money; and
  j) Aggravation of a previously existing condition.

Said losses are permanent in nature and Plaintiff will suffer the losses and impairment in the future.

### COUNT VI – ANITA D'ELIA LOSS OF CONSORTIUM CLAIM

33. Plaintiff, **ANITA D'ELIA**, realleges and incorporates herein by reference paragraphs 1 through 6.

34. That as a direct and proximate result of the carelessness, recklessness and negligence of the tortfeasor, Plaintiff, **ANITA D'ELIA** has suffered a loss of companionship, affection, society and consortium of the Plaintiff, **DONATO D'ELIA**. **ANITA D'ELIA** has been and will continue to be deprived of the services and consortium on the part of **DONATO D'ELIA** in the future.

WHEREFORE, Plaintiff, **ANITA D'ELIA** demands judgment against Defendant, **WAL-MART STORES**, for a sum in an amount within the jurisdictional limits of this court, to wit: more than Fifteen Thousand Dollars ($15,000.00), plus costs, interest and such other relief to which the Plaintiff may be justly entitled.

WHEREFORE, the Plaintiff, **DONATO D'ELIA AND ANITA D'ELIA**, demands judgment for damages against Defendant, **WAL-MART STORES,** in an amount within the jurisdictional limits of this Court, to wit: more than Fifteen Thousand Dollars ($15,000.00) plus costs, interest and any and other further relief to which this court deems he is entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff, ALMA JONES, pursuant to Rule 1.430, Rules of Civil Procedure, hereby makes her demand for trial by jury and requests a trial by jury for all issues so triable.

Respectfully submitted,

JILL M. FEDEWA, Esquire
**CHADWICK & FEDEWA, P.A.**
3034 W. Bearss Avenue
Tampa, Florida   33618
(813) 264-1500
rchadlaw@gmail.com
Florida Bar #078168